CONTINENTAL CASUALTY COMPANY, Plaintiff,

v.

Ray MARSHALL, Secretary of Labor, et al., Defendants.

No. 78 C 435.

United States District Court, N. D. Illinois, E. D.

July 2, 1981.

Jeffrey S. Goldman of Fox & Grove, Chicago, Ill., for plaintiff.

Mary Thomas, Asst. U. S. Atty., Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

On January 6, 1978, plaintiff Continental Casualty Company filed a request with the Office of Federal Contracts Compliance Programs ("OFCCP"), defendant herein, seeking under the Freedom of Information Act ("FOIA") access to OFCCP's case law and an explanatory index to the information which "OFCCP was obligated by law to disclose." In the face of the refusal of OFCCP to provide the requested information, plaintiff Continental filed a complaint in this court on February 7, 1978.

On July 25, 1978, this court ordered the defendant to provide the plaintiff with the documents embodying agency case law and a means of access to them and that the parties meet together to resolve their differences as to how this would be accomplished.

After some considerable delay, on November 10, 1980, OFCCP and Continental entered into a consent decree approved by the court, whereby OFCCP agreed to compile and maintain a detailed subject matter index on an ongoing basis pursuant to the index requirements of FOIA. The order also expressly provided that plaintiff might submit a petition for an award of attorney's fees.

Despite the fact that the index ultimately provided for in the consent order is the type of information which the FOIA requires a government agency to disclose, OFCCP, prior to the filing of this action, and for over two years thereafter, failed to comply with the indexing requirements. These two years were marked by lack of cooperation and evasive and dilatory tactics by the defendant. Plaintiff was persistent and ultimately prevailed in bringing about the resolution of the case embodied in the consent order on November 10.

Following the entry of the consent decree, plaintiff filed a motion for fees. In the original order, the government was given until December 19, 1980 to respond. On December 11, 1980, the government applied for and received an extension of time until January 12, 1981 and, on January 9, by stipulation of the parties, the government's time to respond was extended to February 11. On February 10, by stipulation of the parties and with the approval of the court, the time for the government to respond was extended to February 23, 1981. On February 23, 1981, on oral motion of the government for a further extension of time, the government was granted an additional thirty days in which to file its response to plaintiff's petition for attorneys' fees.

As of the date of this opinion, no response has been filed, and the court has elected to rule upon the petition without benefit of the government's responsive pleading.

The Freedom of Information Act provides that a court may assess against the United States reasonable attorneys fees and other litigation costs reasonably incurred, in any case in which the complainant has substantially prevailed. 5 U.S.C. § 552(a)(4)(E). It is the finding of this court that the plaintiff in this case has substantially prevailed within the meaning of that section of the act. The consent order ultimately agreed to was produced, after long delay, solely by virtue of the persistent and diligent tactics of the plaintiff and despite the dilatory tactics of the defendant.

The benefit to the public derived from this case, in terms of making the OFCCP rulings and agency case law available to and comprehensible to the public, is significant. The government's failure prior to the date of the consent decree to make such data available to the public in a comprehensive form was indefensible and had no reasonable basis in law. The obligation on the part of defendant which Continental sought to enforce was unambiguously mandated in the FOIA, and the failure of the government to provide such information, both prior to and, more significantly, after the filing of this lawsuit is inexplicable. Continental, by forcing this issue with the governmental agency and ultimately procuring the consent decree and the availability of the materials to the public which the consent decree provides, promoted the public

interest and served an important public purpose. Plaintiff is entitled to an award of fees.

In considering an award of attorneys fees, the court turns to the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), approved and adopted by the Seventh Circuit in *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979).

The court finds that Jeffrey S. Goldman, counsel for Continental, is an experienced and competent attorney and that he represented the interests of Continental with competence.

Mr. Goldman has applied for costs and fees in accordance with the applicable statute, and this court deems said application meritorious. Plaintiff has applied for fees on the basis of itemized hours expended by principal counsel, Jeffrey S. Goldman, and associates in his firm. The expenditure of time by these attorneys runs from January, 1978 through October, 1980, as set out in an original petition and a further period of November and the first ten days of December, 1980, set out in a supplemental petition. The hourly rates stated in the petition of Mr. Goldman and his associates are consistent with the general hourly rates prevailing in the legal community at the time, and the court finds them to be reasonable.

In his petition for fees, Mr. Goldman applies the hourly rate set forth in his petition and supplemental petition and multiplies this by an additional factor of 1.20. Since the total of the hours is not discernible from the petition, the court is unable to determine a dollar amount which results from the application of the stated hourly rates, at different times in the case and for different associates, to the hours itemized in an exhibit to the petition. This amount, whatever it may be, is the amount which the court is willing to award in the form of attorneys fees.

The justification for the additional factor of 1.20 is not convincing, and that factor will not be allowed in the computation.

Petitioner Jeffrey S. Goldman is granted his petition for attorneys fees and is ordered to submit a draft form of order to the court containing the total number of hours and illustrating the application of the hourly rates to those hours, and providing a total dollar amount which does not include any multiplier or additional factor. No evidence in support of costs having been provided, no costs are allowed.